ORAL ARGUMENT NOT SCHEDULED

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

STATE OF NORTH DAKOTA, et al.,

*Petitioners*,

v.

U.S. ENVIRONMENTAL PROTECTION
AGENCY, et al.,

*Respondents*.

Case No. 24-1119
(and consolidated cases)

**RESPONDENTS' MOTION TO GOVERN**

Under the Court's Order holding this case in abeyance (Doc. No. 2101701), Respondents United States Environmental Protection Agency and Administrator Lee Zeldin ("EPA") file this motion to govern future proceedings. EPA is reconsidering the challenged rule and requests that the Court continue holding these consolidated petitions in abeyance pending that reconsideration, with EPA submitting status reports every 90 days and with motions to govern due 30 days after EPA's notice of final action on reconsideration. The Parties do not oppose this motion. Petitioner NACCO Natural Resources Corporation specifically takes no position on this motion.

These consolidated petitions challenge EPA's National Emission Standards for Hazardous Air Pollutants: Coal-and Oil-Fired Electric Utility Steam Generating

1

Units Review of Residual Risk and Technology Review, 89 Fed. Reg. 38508 (May 7, 2024) ("2024 Rule"). On January 15, 2025, this Court set oral argument in these consolidated petitions for March 27, 2025. Doc. No. 2094227. On February 20, 2025, on EPA's motion, the Court removed these petitions from the oral argument calendar, held the petitions in abeyance pending further order of the Court, and directed Respondents to file motions to govern future proceedings by May 21, 2025. Doc. No. 2101701.

Upon review, EPA has decided that it will initiate a new notice-and-comment rulemaking process to reconsider the 2024 Rule. EPA announced that decision on March 12, 2025.[1] EPA's proposed reconsideration action is currently undergoing Executive Order 12866 regulatory review.[2]

Because EPA is in the process of reconsidering the disputed rule, Respondents request that the Court abate proceedings here pending that reconsideration.

This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936). An abeyance is prudent "if

---

[1] *See* https://www.epa.gov/newsreleases/trump-epa-reconsider-biden-harris-mats-regulation-targeted-coal-fired-power-plants-be
[2] *See* https://www.reginfo.gov/public/do/eoDetails?rrid=937015

the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

Abeyance is warranted here. Courts have long recognized that agencies may generally reconsider and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given ample latitude to adapt their rules and policies to . . . changing circumstances."); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations").

Courts routinely grant stays or abeyance in circumstances like those presented here, where a new administration seeks to review prior actions. *See, e.g.*, Order, (Doc. Nos. 1883880, 1882301),[3] *Am. Fuel & Petrochem. v. EPA*, No. 19-1124 (D.C. Cir. Feb. 5, 2021) (rescheduling oral argument at EPA's request to accommodate change of administration); Order (Doc. Nos. 1675813, 1670157), *Am. Petroleum Inst. v. EPA*, No. 13-1108 (D.C. Cir. May 18, 2017) (abating

---

[3] In this and the following citations, the first Document No. refers to the Court's Order and the second Document No. refers to EPA's motion for a stay or abeyance.

3

challenge to EPA's authority to regulate methane from oil and gas operations following change of administration); Order (Doc. Nos. 1673071, 1668274), *West Virginia v. EPA*, No. 15-1363 (D.C. Cir. Apr. 28, 2017) (abating challenges to Clean Power Plan rule following change of administration).

Abeyance also would preserve resources of the Court. EPA's reconsideration of the rule may obviate the need for judicial resolution of some or all the disputed issues. Good cause thus exists for the requested abeyance. *See Anchor Line Ltd. v. Fed. Maritime Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 70-71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary").

For these reasons, EPA respectfully requests that the Court place this matter in abeyance pending reconsideration, with EPA submitting status reports every 90 days during the abeyance and with motions to govern due 30 days after EPA's notice that it has taken final action.

Respectfully submitted,

ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*

*Of Counsel:*
LEA ANDERSON
Office of the General Counsel
U.S. Environmental Protection Agency
Washington, D.C.

 /s/ David Mitchell
REDDING COFER CATES
DAVID D. MITCHELL
Environmental Defense Section
Environment & Natural Resources Div.
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 514-0165
david.mitchell@usdoj.gov

Dated: May 21, 2025

# CERTIFICATES OF COMPLIANCE AND SERVICE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 746 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

I certify that on May 21, 2025, a copy of the foregoing document was served electronically through the Court's CM/ECF system on all registered counsel.

Dated: May 21, 2025                                /s/ *David Mitchell*
                                                                                  DAVID D. MITCHELL